# In the United States Court of Federal Claims

No. 26-885C
Filed: August 18, 2026
NOT FOR PUBLICATION

**LUAN P. KHUC,**

***Plaintiff,***

**v.**

**UNITED STATES,**

***Defendant.***

**ORDER**

On June 15, 2026, the plaintiff, proceeding *pro se*, filed his complaint.[1] The plaintiff seeks $10,000,000 from an "award certificate," which he alleges he obtained "from [a] Microsoft company contest." (Complaint at 1.) The plaintiff also alleges that "[he] believes the Federal government or Department of Treasury" is holding the $10,000,000. *Id*.

Mr. Khuc attempts to demonstrate his entitlement to this purported award with various attachments to his Complaint, which are his California ID; screenshots of what appears to be a government grant website and award certificate for $10,000,000 from a "U.S. Federal Government Grant"; a screenshot of a Google search for "luan p khuc award certificate $10,000,000.00"; a screenshot of his Microsoft profile page; a screenshot of customer service complaint webpages; screenshots from a Facebook page with information about the alleged federal grant program; a benefits-verification letter from the Social Security Administration; and a photo copy of his bank statement for the period of April 16, 2026 – May 15, 2026.

On July 7, 2026, the plaintiff filed a supplemental pleading clarifying his allegations. He claims he is "a victim of a scam" and is entitled to relief from the Department of Treasury because he is a United States citizen.

On July 30, 2026, the defendant moved to dismiss under Rules 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC"). The defendant makes two arguments: to the extent the plaintiff seeks relief from an entity other than the United States, the Court of Federal Claims lacks subject-matter jurisdiction, and to the extent the plaintiff seeks relief from the

---

[1] The plaintiff previously filed two substantially similar actions, both of which were dismissed for lack of subject-matter jurisdiction. *See Khuc v. United States*, No. 23-2036 (Fed. Cl. Nov. 30, 2023), *aff'd*, 2024 WL 3171650 (Fed. Cir. June 26, 2024); *Khuc v. United States*, No. 25-507 (Fed. Cl. Mar. 19, 2025).

United States, the complaint fails "to identify a money-mandating source of substantive law that entitles [the] plaintiff to recover money damages from the United States."

On August 14, 2026, the plaintiff responded to the motion to dismiss. In his response, the plaintiff asserts again that he won $10,000,000 from a Microsoft contest, and that the funds are being held by the Department of Treasury or in government grants. The rest of the plaintiff's opposition fails to address the defendant's arguments in its motion to dismiss.

Allegations in *pro se* complaints are liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980). Although *pro se* litigants are held to a less stringent standard than those represented by counsel, *pro se* litigants must satisfy the same jurisdictional requirements that apply to all litigants. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

"Jurisdiction is power to declare the law" or "the courts' statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 94- 95 (1998) (emphasis omitted). Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Id*. The plaintiff bears the burden to establish by a preponderance of the evidence the existence of subject-matter jurisdiction. *Reynolds v. Army & Air Force Exch. Serv*., 846 F.2d 746, 748 (Fed. Cir. 1988). Without subject-matter jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing" the case. *Health Republic Ins. Co. v. United States*, 161 Fed. Cl. 510, 517 (2022) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

Section 1491(a)(1) constrains the court's jurisdiction to "claims against the United States." If the claim is against any other person or entity, the Court of Federal Claims lacks jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 588 (1941). A complaint must be dismissed for lack of jurisdiction, even if it names the United States as a defendant when "no facts [ ] even remotely suggest that the United States government had any involvement whatsoever" in the misconduct that the plaintiff alleges. *Jammer v. United States*, 62 F. App'x 926, 926 (Fed. Cir. 2003).

The Tucker Act itself does not "create[ ] a substantive right enforceable against the Government by a claim for money damages." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). Instead, the Tucker Act limits the jurisdiction of the Court of Federal Claims to causes of action based on separate money-mandating statutes and regulations. *Metz v. United States*, 466 F.3d 991, 995-98 (Fed. Cir. 2006). To qualify as a money-mandating source of law, a statute or regulation "must be such that [it] 'can fairly be interpreted as mandating

compensation by the Federal Government for the damage sustained.'" *Roberts v. United States*, 745 F.3d 1158, 1162 (Fed. Cir. 2014) (citation omitted).

In the plaintiff's complaint, supplemental letter, and response he alleges he is owed $10,000,000 that was awarded to him by IBM Microsoft, not the United States. Although the plaintiff also refers to the Department of Treasury, he fails to allege any facts plausibly suggesting the United States government was involved in awarding the plaintiff $10,000,000 or that the United States government is unlawfully retaining that award. *See Jammer*, 62 F. App'x at 926.

In addition, the plaintiff fails to identify a source of substantive law that creates a right to money damages. "[A] plaintiff must identify a separate source of substantive law that creates the right to money damages" to come within the jurisdictional reach and sovereign-immunity waiver of the Tucker Act. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Here, the plaintiff fails to identify any substantive source of law, let alone a money-mandating source of law.

Because the plaintiff has not alleged facts suggesting the United States government was involved in the misconduct alleged and has not identified a money-mandating source of law, the court does not possess jurisdiction to entertain the plaintiff's claim. Accordingly, the motion to dismiss under RCFC 12(b)(1) and 12(h)(3) is **GRANTED**, and the complaint is **DISMISSED** without prejudice. The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling

**Richard A. Hertling**
**Judge**